1  Gerald E. Hawxhurst (Bar No. 220327)
     jerry@cronehawxhurst.com
2  Joshua P. Gelbart (Bar No. 274021)
     jgelbart@cronehawxhurst.com
3  CRONE HAWXHURST LLP
   10880 Wilshire Blvd., Suite 1150
4  Los Angeles, California 90024
   Telephone:  (310) 893-5150
5  Facsimile:   (310) 893-5195

6
   Jacob S. Pultman (*Pro Hac Vice Forthcoming*)
7    jacob.pultman@newyork.allenovery.com
   Molly C. Spieczny (*Pro Hac Vice Forthcoming*)
8    molly.spieczny@newyork.allenovery.com
   ALLEN & OVERY LLP
9  1221 Avenue of the Americas
   New York, NY 10020
10 Telephone:  (212) 610-6300
   Facsimile:  (212) 610-6399

11
   Attorneys for Plaintiff
12 Alpha Investment, LLC.

13

14               UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

                      CV11-04764 DMb (CWx)

17

18 ALPHA INVESTMENT, LLC,            CASE NO.

19          Plaintiff,               **COMPLAINT FOR:**

20      v.                           (1) **MANDATORY**
                                         **INJUNCTION;**
21 ZYNGA INC. and ANDREW TRADER,     (2) **DECLARATORY**
                                         **JUDGMENT;**
22          Defendants.              (3) **INTENTIONAL**
                                         **INTERFERENCE WITH**
23                                       **PROSPECTIVE**
                                         **ECONOMIC ADVANTAGE;**
24                                   (4) **BREACH OF CONTRACT;**
                                     (5) **TORTIOUS**
25                                       **INTERFERENCE WITH**
                                         **CONTRACT;**
26                                   (6) **UNFAIR COMPETITION**

27                                   **JURY TRIAL DEMANDED**

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

COPY

FILED
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES, CALIF.
'11 JUN -3 PM 3: 27
BY:

COMPLAINT

Plaintiff Alpha Investment, LLC ("Alpha"), by and through its attorneys, for its complaint against defendants Zynga Inc. ("Zynga") and Andrew Trader ("Trader"), alleges the following upon knowledge as to its own actions and upon information and belief for the remainder of the complaint:

## NATURE OF THE ACTION

1. In August 2010, Alpha entered into a Stock Purchase Agreement (the "SPA") with Trader to acquire one million shares of Class A Common stock of Zynga (the "Shares").

2. This action now arises from Zynga's deliberate and wrongful efforts to impose improper and unlawful restrictions on the Shares that Alpha is entitled to purchase pursuant to the SPA between Alpha and Trader. Zynga's wrongful and unreasonable conduct is interfering with Alpha's rights and its opportunity to hold the Shares and to hold those shares free from unwarranted transfer restrictions.

3. Since the signing of the SPA and the related Escrow Agreement between Alpha and Trader in August 2010, $12.87 million of Alpha's capital has been held in an escrow account, and Alpha has been deprived of the benefit of its contract with Trader because Zynga has improperly refused to allow the stock sale to go forward. This has been based on Zynga's stated refusal to recognize the transfer and to register the Shares in the name of Alpha without any valid justification.

4. Zynga's intentional interference has prevented Alpha from realizing the benefit of its contract and its contractual relations, benefits that Alpha should properly receive given its negotiation of and its entry into the SPA with Trader, *i.e.*, the opportunity to own the Shares. Accordingly, Alpha seeks a mandatory injunction requiring Zynga to (i) accept the legal opinion that was, upon information and belief, provided to Zynga by Trader and Trader's counsel, (ii) register the Shares in Alpha's name, and (iii) issue Alpha a certificate for the

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1  Shares.  In addition, Alpha seeks damages against Zynga for its improper

2  interference with Alpha's contract with Trader.

3        5.      Upon information and belief, Trader performed his obligations under

4  the SPA.  However, and in the alternative, in the event that Trader failed to perform

5  all of his contractual requirements under the SPA and thereby prevented Alpha

6  from obtaining the Shares, Alpha seeks specific performance of all of Trader's

7  obligations under the SPA, in addition to the relief sought from Zynga.

8                                    **PARTIES**

9        6.      Alpha Investment, LLC is a limited liability corporation organized

10  under the laws of Abu Dhabi with an address at P.O. Box 186, Abu Dhabi, United

11  Arab Emirates.  Alpha is therefore a citizen of Abu Dhabi.

12        7.      Defendant Zynga Inc. is a private Delaware corporation and has its

13  principal place of business at 365 Vermont Street, Suite A, San Francisco,

14  California 94103.

15        8.      Upon information and belief, defendant Andrew Trader is a resident

16  and citizen of California.

17              **JURISDICTION, VENUE AND APPLICABLE LAW**

18        9.      This Court has subject matter jurisdiction over this action pursuant to,

19  *inter alia*, 28 U.S.C. § 1332 because the parties are diverse and the amount in

20  controversy exceeds $75,000, exclusive of interest and costs of suit.

21        10.     This Court has personal jurisdiction over Zynga because Zynga has its

22  principal place of business in California.

23        11.     This Court has personal jurisdiction over Trader because Trader is a

24  citizen of California and because Trader has contractually consented to personal

25  jurisdiction in this Court.

26        12.     Venue lies in this district pursuant to 28 U.S.C. § 1391(a) and (c)

27  because: (i) a substantial part of the events or omissions giving rise to this action

28  occurred within this district; specifically, counsel for Trader was retained in this

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

district and negotiated and, upon information and belief, delivered the legal opinion in question from this district; (ii) Trader has contractually consented to venue in this district; and (iii) Zynga is subject to personal jurisdiction in this state, and Zynga has sufficient contacts within this district to be subject to personal jurisdiction in this district if this district were a separate state.

13.     The SPA states that it is governed by and shall be construed in accordance with California law, without giving effect to that body of laws pertaining to conflict of laws.

## FACTUAL ALLEGATIONS

**A.     Zynga**

14.     Zynga is a social network gaming company.  It develops browser-based games as applications on social networking websites such as Facebook and MySpace, as well as stand-alone browser-based games.  Some of its most popular games include CityVille, FarmVille, and Mafia Wars.  According to its website, Zynga has more than 215 million active monthly users and 50 million active daily users.

15.     Zynga was formed as a limited liability company under the name Presidio Media LLC in California on or about April 19, 2007.  It was converted to a Delaware corporation named Presidio Media Inc. on or about October 25, 2007.  Thereafter, the corporation was renamed Zynga Game Network Inc. on or about February 11, 2008, and was later renamed Zynga Inc. on or about November 17, 2010.

16.     According to the Fourteenth Amended and Restated Certificate of Incorporation of Zynga Inc., filed on or about April 18, 2011, Zynga is a private corporation with shares of authorized common stock numbering 1,019,092,724 and shares of authorized preferred stock numbering 399,822,180.  Of Zynga's shares of authorized common stock, 998,575,252 shares are designated "Class A Common Stock."

1      17.    Through its entry into the SPA, Alpha sought to invest in Zynga.

2   **B.    Andrew Trader**

3      18.    Trader is a co-founder of Zynga and former employee of Zynga who

4   owns shares of Class A Common Stock in Zynga pursuant to a Stock Option

5   Agreement and Stock Option Exercise Agreement, both dated on or about January

6   3, 2008 (the "Binding Shareholder Agreements"), between Zynga and Trader.

7      19.    The Binding Shareholder Agreements provided that Zynga had a right

8   of first refusal (the "Right of First Refusal") for any proposed sale of Trader's

9   shares for a period of 30 days from the time Zynga was given notice of the terms of

10  the sale.

11  **C.    SecondMarket**

12     20.    Nonparty SecondMarket, Inc. ("SecondMarket") is an online

13  marketplace for, *inter alia*, stock in a variety of high growth private companies.  It

14  provides a private environment for early investors and employee shareholders to

15  sell their shares prior to a company's initial public offering or other liquidity event.

16  According to SecondMarket's Private Company Report for the third quarter of

17  2010, SecondMarket has facilitated transactions in private company stock of

18  companies including Zynga, Facebook, and Twitter, among others.

19     21.    Through the private marketplace forum provided by SecondMarket,

20  Alpha and Trader were introduced in the summer of 2010 and began exploring the

21  potential purchase and sale of Trader's shares in Zynga, the relevant terms of

22  which were negotiated and set forth in the SPA.

23  **D.    The Stock Purchase Agreement**

24     22.    On or about August 26, 2010, Alpha and Trader entered a Stock

25  Purchase Agreement (the aforementioned "SPA"), whereby Alpha agreed to

26  purchase from Trader 1,000,000 shares of Zynga Class A Common Stock (as

27  defined above, the "Shares") for $12.87 per share and an aggregate price of

28  $12,870,000.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

23.     In accordance with the Binding Shareholder Agreements, the SPA provided that the sale from Trader to Alpha was subject to Zynga's Right of First Refusal and that, pursuant to that Right of First Refusal, Trader would provide Zynga with notice of the proposed transfer upon execution of the SPA.

24.     The SPA also provided that Alpha agreed to be bound by and comply with the limitations on transfer in the Binding Shareholder Agreements (SPA, Section 5.1).

**E.     Notice is Provided to Zynga**

25.     On or about August 26, 2010, Trader provided Zynga and counsel for Zynga with a Notice of Proposed Transfer (the "Notice") that set forth the terms of the SPA between Alpha and Trader, and formally provided Zynga with (i) notice of the proposed sale of the Shares and (ii) the opportunity to exercise its Right of First Refusal for purchase of the Shares.

26.     The Notice provided, in relevant part:

> I acknowledge that this Notice is an offer to sell the Offered Shares to the Company [Zynga] and/or its assignee(s) pursuant to the Company's Right of First Refusal at the Offered Price.
> The Company and/or its assignee(s) shall have 30 days from the date of this Notice to provide written notice to me if they elect to exercise their respective Right of First Refusal.

27.     David Kinitsky ("Kinitsky"), an employee of SecondMarket, sent an email to Zynga and its outside counsel with the SPA and the Notice on or about August 26, 2010.

**F.     Zynga Recognized the Contract between Alpha and Trader**

28.     In response to Kinitsky's email, Karyn Smith, Deputy General Counsel for Zynga, replied on or about August 26, 2010, as follows: "Duly noted.

- 5 -

We will advise you by September 25 regarding our intention to exercise our right of first refusal on these shares."  More than 30 days passed and Zynga did not exercise its Right of First Refusal.  During this period, Zynga did not contact Alpha or SecondMarket.

29.    On or about September 26, 2010, Kinitsky emailed Zynga and its outside counsel, noting that the Right of First Refusal period had expired.  Kinitsky requested that Zynga confirm that it had waived its Right of First Refusal and send "any and all final closing materials" so that the transfer of the Shares between Trader and Alpha could be consummated.

30.    On or about September 27, 2010, Smith of Zynga replied, stating that Zynga had decided not to exercise its Right of First Refusal with respect to the Shares.  Smith noted that Zynga's outside counsel, Brian Erb of Ropes & Gray LLP, would thereafter communicate with SecondMarket "regarding the documentation required to complete this transfer" of shares from Trader to Alpha.

## G.    Zynga Makes a Series of Wholly Unjustified Demands for the Imposition of Improper Restrictions on the Sale of Shares

31.    On or about September 29, 2010, Zynga, through its counsel Erb, sent an email to SecondMarket, Alpha and Trader, attaching a form of Stock Purchase Agreement and Representation Letter as well as Stock Transfer Instructions.

32.    These documents purported to impose additional restrictions on the sale of shares from Trader to Alpha beyond those in the SPA, the Binding Shareholder Agreements, Zynga's Tenth Amended and Restated Certificate of Incorporation, which was in effect at the time, and, upon information and belief, all of Zynga's bylaws then in effect.  In particular, the restrictions provided that Alpha could not sell or transfer the shares beginning on the date of acquisition of the Shares until the later of (i) 180 days after the initial public offering of Zynga's common stock or (ii) the termination date of the market standoff agreement, and sought to impose an obligation that Alpha would enter into an agreement required

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1    by Zynga to implement this.

2         33.    The form of Stock Purchase Agreement proposed by Zynga provided,

3    in relevant part:

4              5.2.    Representation Letter.  Purchaser acknowledges

5                      and agrees that it is bound by, and the Shares will

6                      be subject to, the provisions of the Representation

7                      Letter[.]

8              5.3.    Resale Restrictions.  Purchaser acknowledges and

9                      agrees that it will not effect any sale or transfer of

10                     the Shares except in compliance with this

11                     Agreement, the Representation Letter and the

12                     Binding Stockholder Agreements, and then only if

13                     (i) there is then in effect a registration statement

14                     under the Act covering such proposed disposition

15                     and such disposition is made in accordance with

16                     such registration statement; or (ii) Purchaser shall

17                     have furnished the Company with an opinion, in

18                     form and substance satisfactory to the Company,

19                     from counsel to Seller satisfactory to the Company

20                     that states that the offer and sale of the Shares

21                     being made pursuant to Rule 144 of the Act and in

22                     compliance with all applicable federal and state

23                     securities laws.

24             5.4.    Subsequent Purchasers.  Purchaser acknowledges

25                     and agrees that, if permitted, it will not effect any

26                     sale or transfer of the Shares except in compliance

27                     with this Agreement, the Representation Letter and

28                     the Binding Stockholder Agreements, and then

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

- 7 -

only to a transferee who agrees in writing for the
benefit of the Company to be bound by all
applicable provisions of the Binding Stockholder
Agreements.  Purchase [sic] understands and
acknowledges that all future transferees of all or
part of the Shares shall receive and hold the Shares
subject to all applicable provisions of the Binding
Stockholder Agreements.

34.    The attached form of Representation Letter proposed by Zynga
provided, in relevant part:

In connection with the proposed sale of the Shares
pursuant to the [Stock Purchase] Agreement, the
undersigned, Purchaser and Seller, hereby represent and
warrant to, and agree with, the Company as follows: ...

(v)    without limiting the foregoing, Purchaser hereby
acknowledges and agrees that the Shares will be
subject to resale restrictions which prohibit the
transfer or sale of the Shares at any time during the
period beginning on the date of acquisition by
Purchaser and ending on the later of (a) 180 days
after the effective date of the initial public offering
of the Company's common stock or (b) the date on
which the market stand-off agreement referenced
in clause (iv) above terminates; Purchaser
acknowledges that the certificate evidencing the
Shares will bear a legend to the foregoing effect;
Purchaser shall enter into any agreement
reasonably required by the Company to implement

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

- 8 -

the foregoing;

. . .

(vii)    . . . [I]n no even shall (a) the Company be deemed
to have acted in bad faith in connection with any
determination made pursuant to the exercise of its
discretion under the provisions of the Agreement
or the Binding Stockholder Agreements, and (b)
the Company have any liability to Purchaser for
the failure of the transactions contemplated by the
Agreement to be consummated for any reason; . . .

35.    The Stock Transfer Instructions proposed by Zynga purported to
require that Zynga's form of Stock Purchase Agreement had to be signed before
Zynga would allow the transfer of the Shares to proceed.  Notwithstanding the fact
that this form of stock purchase agreement referenced the Representation Letter
and the restrictions contained in the Representation Letter, such restrictions were
not contained in the Binding Shareholder Agreements, Zynga's corporate
documents or, upon information and belief, Zynga's bylaws.  Zynga improperly
sought to impose these demands on this transaction and, specifically, the
instructions provided: "Please note that this is the only form of Stock Purchase
Agreement that will be accepted by Zynga in connection with the sale of your
shares."  These improper restrictions were consistent with the clear message Zynga
later delivered to Trader, that under no circumstances would Zynga permit the
transaction with Alpha to be accomplished.

**H.    Alpha Requests that Zynga Remove the Additional Restrictions**

36.    Upon reviewing the proposed restrictions in the form of Stock
Purchase Agreement and Representation Letter provided by Zynga, counsel for
Alpha advised SecondMarket and counsel for Zynga that Alpha would not agree to
be bound by restrictions that it was not required to be subject to under the terms of

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   the existing agreements between Zynga and Trader, namely the Binding

2   Shareholder Agreements, or other restrictions that were not otherwise legally

3   required and that were outside the market norms.

4          37.    Specifically, Alpha indicated its objection to the language in the

5   section (v) of the Representation Letter that:

6                 the Shares will be subject to the resale restrictions which

7                 prohibit the transfer or sale of the Shares at any time

8                 during the period beginning on the date of acquisition by

9                 Purchaser and ending on the later of (a) 180 days after

10                the effective date of the initial public offering of the

11                Company's common stock or (b) the date on which the

12                market stand-off agreement referenced in clause (iv)

13                above terminates; Purchaser acknowledges that the

14                certificate evidencing the Shares will bear a legend to the

15                foregoing effect; Purchaser shall enter into any

16                agreement reasonably required by the Company to

17                implement the foregoing[.]

18          38.    On or about November 9, 2010, Kinitsky sent Zynga's counsel an

19   email expressing Alpha's views and requesting that section (v) of the

20   Representation Letter be removed.  The email stated that section (v) of the

21   Representation Letter "was a novel restriction on the shares not present in AT's

22   [Trader's] hands" and that "[i]mposing such a restriction, if enforceable, within a

23   Representation Letter allows the company to apply it selectively."  Kinitsky further

24   stated that Alpha "finds the provision unacceptable."

25          39.    Kinitsky attached a version of the Representation Letter that omitted

26   the offending section (v) and proposed execution of the version without the section

27   that contained these improper restrictions.

28          40.    On or about November 12, 2010, Kinitsky sent a follow-up email to

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1  counsel for Zynga, asking if counsel had discussed the provision with Zynga.

2  **I.  Zynga Refuses Alpha's Proposed Representation Letter**

3      41.    On or about November 17, 2010, Erb, as counsel for Zynga,

4  responded that: "to the extent the transfer restrictions are contained in Zynga's

5  constitutional documents, it's irrelevant whether or not that provision is in the

6  representation letter in the form of an agreement on the buyer's part."  Erb

7  continued: "Notwithstanding your or buyer's counsel view, Zynga is perfectly

8  comfortable that this provision is enforceable."

9      42.    Neither Zynga nor Erb provided any basis for the restriction under

10  California or Delaware law or in Zynga's Certificate of Incorporation.  Nor did

11  Zynga provide any bylaw restrictions to this effect.

12      43.    Kinitsky responded, again on November 17, 2010, asking Erb which

13  of Zynga's constitutional documents set forth the transfer restriction at issue.  Erb

14  replied that same day, stating that the restriction was contained in Zynga's bylaws.

15  Neither Erb nor Zynga has provided Alpha with Zynga's bylaws.  Upon

16  information and belief, Zynga's bylaws contained no such restriction.

17  **J.  Trader's Compliance with the SPA**

18      44.    Section 2.3 of the SPA required Trader to provide Zynga with "a legal

19  opinion with regard to the transfer of the Shares in standard form for such

20  transactions."  Accordingly, Trader retained the Los Angeles law firm of Vick Law

21  Group to provide the required form legal opinion, and upon information and belief,

22  the firm provided this opinion as called for in the SPA.

23      45.    Upon information and belief, Trader has complied with his obligations

24  to Zynga under Section 2.3 of the SPA in that he has provided Zynga with "a legal

25  opinion with regard to the transfer of the Shares in standard form for such

26  transactions."  Upon information and belief, attorney Scott Vick, acting as counsel

27  for Trader, provided Zynga with such a legal opinion in November or December

28  2010.  Alpha has repeatedly requested a copy of the opinion Trader provided to

CRONE HAWKHURST LLP
10680 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1  Zynga from both Zynga and Trader but neither Zynga nor Trader has produced it to
2  Alpha.

3      46.    Notwithstanding Trader's apparent satisfaction of this requirement, on
4  or about December 22, 2010, Kinitsky emailed counsel for Alpha, explaining that
5  "the message we [SecondMarket and Trader] are receiving from Zynga is that they
6  are simply not going to let any transfer take place here."

7      47.    As a result of Zynga's refusal to permit the share transfer to Alpha
8  from Trader, Alpha has been denied the benefit of its contract with Trader,
9  specifically the opportunity to own the Shares.  This refusal is of particular
10  consequence because, as has been widely reported, Zynga's valuation has increased
11  tremendously since Alpha and Trader signed the SPA, and the value of the shares
12  purchased by Alpha under the SPA has significantly increased in value during the
13  intervening period.

14  **K.**    **The Delaware Action**

15      48.    Zynga is a Delaware corporation and its internal corporate matters are
16  governed by Delaware law.  Therefore, Alpha brought an action against Zynga in
17  the Delaware Court of Chancery, captioned *Alpha Investment, LLC v. Zynga Inc.*,
18  C.A. No. 6225-VCS, challenging Zynga's effort to preclude Alpha and Trader
19  from concluding the sale of the Shares.

20      49.    On February 28, 2011, Alpha filed its Verified Complaint in the
21  Delaware Court of Chancery and on March 1, 2011, served its Verified Complaint
22  on Zynga, bringing claims for mandatory injunctive relief requiring Zynga to
23  register the Shares in Alpha's name, as well as claims for declaratory relief and for
24  tortious interference with Alpha's prospective business advantage.

25      50.    On March 4, 2011, Alpha served on Zynga its First Request for
26  Production of Documents, seeking, among other things, Zynga's corporate
27  governance documents and bylaws.  Zynga produced no discovery, but rather, on
28  March 21, 2011, Zynga moved to dismiss the action and, on April 8, 2011, Zynga

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

COMPLAINT

1   moved to stay all discovery.

2       51.    In its motion to stay discovery, Zynga argued that staying discovery
3   was somehow appropriate because Alpha had not and could not assert that Trader
4   had taken all steps necessary to effectuate the transfer.  Specifically, Zynga claimed
5   that Trader failed to meet his obligation to provide Zynga with a legal opinion.
6   According to Zynga, "Nowhere in the Complaint [. . .] does Alpha allege that Mr.
7   Trader has satisfied this condition.  In fact, Mr. Trader has not done so." *Mot. for*
8   *Stay of Discovery* at 2-3.

9       52.    In Zynga's opening brief in support of its Motion to Dismiss, filed
10  April 20, 2011, Zynga again alleged that Alpha could not state a claim against it
11  because Trader had failed to provide a legal opinion to Zynga as "expressly" and
12  "explicitly" provided for in the SPA.  *Br.* at 1, 4.  "The Complaint fails to allege
13  that such a legal opinion was provided to the Company.  (In fact, it was not.)" *Id.*
14  at 1.  Zynga also argued that the complaint should be dismissed under Court of
15  Chancery Rule 19 because Alpha had not joined Trader, an indispensible party to
16  the action.  As part of Zynga's motion under Rule 19, Zynga claimed that full relief
17  on the issues could not be had in Trader's absence.

18      53.    Alpha asked Zynga to produce any legal opinion Trader had provided
19  to Zynga, but Zynga has produced no opinion in response.  Notwithstanding the
20  fact that Alpha believes Trader provided the required opinion to Zynga, to avoid
21  any further delay, Alpha brings this complaint case and names all of the parties
22  with potential claims with respect to the Shares.

23              **FIRST CLAIM FOR RELIEF**
24          **(Mandatory Injunction Against Zynga)**

25      54.    Alpha incorporates the allegations in paragraphs 1 through 53 as if
26  fully set forth herein.

27      55.    Upon information and belief, the SPA between Alpha and Trader
28  complies with all restrictions in place on the Shares and all requirements in the

- 13 -

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1   Binding Stockholder Agreements.

2       56.    Zynga chose to allow its 30 day Right of First Refusal to lapse during

3   which time it had the right and opportunity to purchase the Shares and thus prohibit

4   the sale and transfer of the Shares to Alpha.  As Zynga chose not to exercise this

5   right and as Alpha meets all other requirements, Zynga must therefore accept the

6   legal opinion that was, upon information and belief, provided to it by Trader,

7   register the Shares in Alpha's corporate name and must issue Alpha a certificate for

8   the Shares in accordance with the SPA and without seeking to impose any

9   additional restrictions on the Shares.

10       57.    Zynga has repeatedly and unreasonably refused to register the Shares

11   in Alpha's corporate name and to issue Alpha a certificate for the Shares under the

12   terms of the SPA even after several requests that it do so.  Instead, Zynga has

13   purported to impose additional improper and unlawful restrictions on the Shares

14   and (i) has insisted it will only register the Shares in Alpha's corporate name and

15   issue Alpha a certificate for the Shares with these additional restrictions in place,

16   (ii) has averred before the Chancery Court of the State of Delaware that Trader did

17   not satisfy his obligation by providing Zynga with a legal opinion pursuant to

18   Section 2.3 of the SPA when, upon information and belief, Trader provided such an

19   opinion, and (iii) has refused to register the transfer in any event.

20       58.    A mandatory injunction requiring Zynga to accept the legal opinion

21   provided by Trader, register the Shares in Alpha's corporate name and to issue

22   Alpha a certificate for the Shares is necessary because Alpha lacks an adequate

23   remedy at law.

24       59.    By reason of the foregoing, and notwithstanding any provision to the

25   contrary, Alpha is entitled to a mandatory injunction requiring Zynga to accept the

26   legal opinion provided by Trader, register the Shares in Alpha's corporate name

27   and to issue Alpha a certificate for the Shares in accordance with the SPA and

28   without the imposition of any further restrictions on the Shares.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

- 14 -

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment Against Zynga)

60.    Alpha incorporates the allegations in paragraphs 1 through 59 as if fully set forth herein.

61.    Upon information and belief, the SPA between Alpha and Trader complies with the Binding Stockholder Agreements and all restrictions in place on the Shares as of the time the Alpha and Trader signed the SPA.

62.    A declaratory judgment is necessary because Alpha lacks an adequate remedy at law.

63.    Alpha and Zynga have an actual controversy concerning Zynga's obligation to authorize the transfer of Shares to Alpha from Trader and to register the Shares on behalf of Alpha and to issue Alpha a certificate for the Shares in accordance with the SPA.

64.    The parties have a real and adverse interest in the controversy, and it is ripe for judicial determination.

65.    By reason of the foregoing and pursuant to 28 U.S.C. §§ 2201 and 2202, Alpha is entitled to a declaration that (i) Trader provided Zynga with a legal opinion that met the requirements of Section 2.3 of the SPA; (ii) Zynga is obliged to authorize the transfer of Shares in accordance with the SPA; (iii) Zynga is precluded from placing additional, unspecified and unreasonable restrictions on the Shares, and (iv) Zynga must register the Shares in Alpha's corporate name and issue Alpha a certificate for the Shares, notwithstanding any provision to the contrary.

## THIRD CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage Against Zynga)

66.    Alpha incorporates the allegations in paragraphs 1 through 65 as if fully set forth herein.

67.   Alpha had a valid prospective business relationship with Trader with a probability of future economic benefit to Alpha, as set forth in the SPA between Alpha and Trader.

68.   Zynga acknowledged the existence of Alpha's business expectancy and intentionally interfered with the expectancy by refusing to transfer the Shares under the SPA and demanding additional restrictions on the Shares.  Zynga's refusal to transfer the Shares without additional restrictions was not done to protect a legitimate business interest and was not justified.  Instead, Zynga's actions were done with the intention of interfering with Alpha's business relationship with Trader.

69.   Zynga's interference has deprived Alpha of its business expectancy.

70.   Alpha has suffered damages caused by Zynga's interference with Alpha's business relationship with Trader.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract, in the Alternative, Against Trader)

71.   Alpha incorporates the allegations in paragraphs 1 through 53 as if fully set forth herein.

72.   The SPA is a valid and enforceable written contract.

73.   Alpha has performed its obligations and complied with all conditions and requirements of the SPA.  To the extent that Alpha has not performed all of its obligations and complied with all of the conditions under the SPA, its performance of such has been excused, waived, prevented or made impossible or impracticable by Trader.

74.   To the extent Trader did not provide Zynga with "a legal opinion with regard to the transfer of the Shares in standard form for such transactions," Trader failed to meet his obligations under Section 2.3 of the SPA and therefore breached the SPA.

75.   To the extent Trader breached the SPA, as a direct and proximate

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1  cause of Trader's wrongful conduct, Alpha has suffered damages because Alpha

2  has been deprived of ownership of the Shares, the value of which exceeds the

3  minimum jurisdictional amount for this action.

## FIFTH CLAIM FOR RELIEF

### (Tortious Interference with Contract, in the Alternative, Against Zynga)

76.    Alpha incorporates the allegations in paragraphs 1 through 53 and 71

through 75 as if fully set forth herein.

77.    The SPA between Alpha and Trader is a valid contract, of which

Zynga had knowledge, as the SPA was provided to Zynga with the Notice of

Proposed Transfer on or about August 26, 2010.

78.    Upon information and belief, Zynga intentionally and unreasonably

refused to accept the legal opinion provided to it by Trader, intentionally inducing

Trader to breach his obligations under Section 2.3 of the SPA.

79.    Zynga's intentional refusal to accept Trader's legal opinion caused

Trader to breach his contractual obligations under the SPA.

80.    Alpha has suffered damages as a result of Trader's breach of the SPA,

in that it has been deprived of ownership of the Shares, the value of which exceeds

the minimum jurisdictional amount for this action.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition Against Zynga and Trader)

81.    Alpha incorporates the allegations in paragraphs 1 through 80 as if

fully set forth herein.

82.    Defendants' acts and practices as alleged herein constitute unfair

and/or fraudulent business practices within the meaning of the California Unfair

Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

83.    Each Defendant is a "person" within the meaning of the UCL.

84.    As a result of Defendants unfair and/or fraudulent conduct, Plaintiff

has suffered injury in fact and has lost and/or been deprived of money or property.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

85. Plaintiff is therefore entitled to equitable relief from Defendants, including restitution, disgorgement and a permanent injunction requiring Defendants to cease the unfair and/or fraudulent conduct described herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alpha respectfully requests that the Court enter judgment in its favor and against defendants Zynga and Trader as follows:

a. Awarding Alpha its actual damages on each of its claims;

b. Granting Alpha all injunctive relief requested herein;

c. Issuing a mandatory injunction requiring Zynga to accept the legal opinion provided to it by Trader, register the Shares in Alpha's corporate name and issue Alpha a certificate for the shares;

d. Granting Alpha the declaratory and equitable relief requested herein;

e. Declaring and determining that Zynga has tortiously interfered with Alpha's prospective business advantage;

f. As to the Fourth Claim for Relief for Breach of Contract, ordering specific performance under the SPA by Trader;

g. Awarding Alpha its costs, expenses, disbursements, and attorney's fees in respect hereto; and

h. Granting Alpha such other relief as the Court deems just and proper.

///
///
///
///
///
///

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

COMPLAINT

DATED:  June 3, 2011                    ALLEN & OVERY LLP

                                        CRONE HAWXHURST LLP

                                        By: _Gerald Hawxhurst_ /SPG
                                            Gerald E. Hawxhurst
                                            Attorneys for Plaintiff
                                            Alpha Investment, LLC

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

- 19 -

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Alpha Investment, LLC hereby demands trial by jury

3   pursuant to <u>Fed. R. Civ. Proc.</u> § 38(b).

4

5   DATED:  June 3, 2011              ALLEN & OVERY LLP

6                                    CRONE HAWXHURST LLP

7

8                          By _____ /JPG

9                                    Gerald E. Hawxhurst
                                     Attorneys for Plaintiff
10                                   Alpha Investment, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

- 20 -

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV11- 4764 DMG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Gerald E. Hawxhurst
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Ste. 1150
Los Angeles, CA 90024
310-893-5150

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA INVESTMENT, LLC,<br><br>PLAINTIFF(S)<br><br>V.<br><br>ZYNGA INC. and ANDREW TRADER<br><br>DEFENDANT(S) . | **CASE NUMBER**<br><br>CV11-04764 DMG (CWx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): ZYNGA INC. and ANDREW TRADER

A lawsuit has been filed against you.

Within ~~20~~ 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached X complaint _____ amended complaint counterclaim   cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Gerald E. Hawxhurst_____ , whose address is 10880 Wilshire Blvd., Ste. 1150, Los Angeles, CA 90024_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

ORIGINAL

Dated: June 3, 2011_____

By: _____
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                         **SUMMONS**                         CCD-1A

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

ALPHA INVESTMENT, LLC

**DEFENDANTS**

ZYNGA INC. and ANDREW TRADER

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Gerald E. Hawxhurst
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150, Los Angeles, CA 90024

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** > $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Mandatory injunction; declatory judgment;   interference w/ economical advantage; breach of k; tortious interference w/ k; unfair competition.

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

COPY

CV11-04764

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Abu Dhabi, A.U.R. |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Francisco County; Deleware |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _Gerald Phillips JSPG_   Date June 3, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |